UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MEGAN WAITE,<br>    Plaintiff | :<br>:<br>: |
| v. | :    C.A. No.: |
| | : |
| RHODE ISLAND COMMERCE<br>CORPORATION,<br>    Defendant | :<br>:<br>: |

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA"), and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA").

### II. Parties

1.    The Plaintiff is a resident of the City of Westport, County of Bristol, Commonwealth of Massachusetts.

2.    Rhode Island Commerce Corporation ("RICC"), is a Rhode Island non-profit corporation with its principal place of business located at 315 Iron Horse Way, Suite 101.

### III. Jurisdiction

3.    This Court has jurisdiction over Plaintiff's claims under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3) and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

4.  Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5.  On or about June 24, 2020, the Plaintiff timely filed a charge of discrimination against Defendant RICC with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 21 EMD 034-50/06, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16C-2020-01659.

6.  After June 24, 2020, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7.  On or about March 22, 2021, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.  On or about January 26, 2021, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9.  There is no requirement under the FMLA, the RIPFMLA, or the RICRA relative to the exhaustion of administrative remedies.

### VI. Material Facts

10. In March, 2019, the Plaintiff was hired by RICC.

11. At this time, the Plaintiff was pregnant.

12. During her employment at Defendant RICC, the Plaintiff's work performance was satisfactory and met Defendant RICC's legitimate expectations.

13. In April, 2019, the Plaintiff disclosed that she was pregnant.

14. Immediately thereafter, the Plaintiff's supervisors and Defendant RICC's human resource department began treating the Plaintiff in a hostile manner and ostracized her.

15. When the Plaintiff informed Lisa Lasky ("Lasky"), the Plaintiff's direct supervisor, that she was pregnant, Ms. Lasky was visibly frustrated and annoyed that the Plaintiff had not disclosed her pregnancy during her interview process. In fact, Ms. Lasky stated "I figured," in response to the Plaintiff's pregnancy.

16. Ms. Lasky also told the Plaintiff that the timing of her maternity leave would "fall during the slow season at RI Commerce" and that the Plaintiff could "thank [her] husband for that."

17. During the Plaintiff's employment, Ms. Lasky alluded to the Plaintiff growing professionally and taking over the senior accountant position when Ms. O'Brien, the current senior accountant at Defendant RICC, retired.

18. However, due to the hostile relationship between the Plaintiff, Ms. Lasky, and Ms. O'Brien, the Plaintiff was not properly trained to take over the senior accountant position.

19. On July 19, 2019, Ms. Lasky requested a meeting with the Plaintiff. During this meeting, Ms. Lasky berated the Plaintiff. In fact, Ms. Lasky told the Plaintiff that she was a "burden to the department," and "everyone thinks you're pleasant, but that's about it."

20. Thereafter, Ms. Lasky required the Plaintiff to sign documents that changed her title to Accounting Assistant. In addition, Ms. Lasky explained that the Plaintiff's pay would change from hourly to salary "because salary indicates a professional," inferring that the Plaintiff was not a professional.

21. On July 24, 2019, the Plaintiff received an email from Melody Weeks ("Weeks"), PTAC Program Manager and the Plaintiff's coworker, regarding a report that was due by the end of the day. Ms. Weeks' email was aggressive and condescending.

22. On July 24, 2019, the Plaintiff completed and submitted the aforementioned report to Ms. Lasky. At this time, Ms. Lasky told the Plaintiff that she had to submit the report on her behalf. However, this was not true and Ms. Lasky failed and/or refused to submit the report and failed and/or refused to give the completed report back to the Plaintiff. Therefore, the report was not submitted on July 24, 2019.

23. In August, 2019, the Plaintiff discussed her maternity leave with Ms. Lasky. In response, Ms. Lasky stated, "I don't even know when your baby is due, it is what it is, and it doesn't really matter."

24. Before taking her maternity leave, the Plaintiff was told that her job would be waiting for her upon her return.

25. In August, 2019, the Plaintiff commenced her maternity leave.

26. While on maternity leave and after her baby was born, the Plaintiff tried to contact Defendant RICC to inquire about "cashing out" some of her paid time off ("PTO"). The Plaintiff was previously told that she could "cash out" her PTO days to supplement her short-term disability.

27. However, Defendant RICC failed and/or refused to contact the Plaintiff about her aforementioned inquiry.

28. On October 18, 2019, the Plaintiff received a letter from Defendant RICC stating that her position at Defendant RICC had been "eliminated" due to restructuring.

29. That the facts of this matter clearly establish that Defendant RICC discriminated against the Plaintiff on account of her gender in violation of Title VII, the FEPA, and the RICRA.

30. Defendant's actions and/or omissions are in violation of Title VII, the FEPA, and the RICRA, and were motivated by malice and ill will toward the Plaintiff, and Defendant's actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

31. As a proximate result of Defendant's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering, and loss of enjoyment of life.

### VII. Claims For Relief

32. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-31 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §2000e, *et seq.*

33. Defendant RICC, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Title VII.

### Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

34. Defendant RICC, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Three
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

35. Defendant RICC, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender insofar as said actions and/or omissions resulted in the termination of an employment contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and the Defendants in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant RICC, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and/or the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2. enjoining and permanently restraining Defendant RICC from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and/or the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.     award the Plaintiff punitive damages;

6.     award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7.     such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: April 5, 2021

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
jroberge@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 5th day of April, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano